IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DONALD P. HAINES, | * | Chapter 13 |
|     Debtor | * | |
| | * | Case No.: 1-05-bk-00716MDF |
| COMMONWEALTH OF PENNSYLVANIA | * | |
| BUREAU OF UNEMPLOYMENT | * | |
| COMPENSATION BENEFITS and | * | |
| ALLOWANCE, | * | |
|     Objectant | * | |
| | * | |
| v. | * | |
| | * | |
| DONALD P. HAINES, | * | |
|     Respondent | * | |

## OPINION

### Procedural and Factual History

Before me is an objection filed by the Pennsylvania Bureau of Unemployment Compensation Benefits and Allowances ("BUCBA") to the amended Schedule "F" filed by Donald P. Haines ("Debtor") in his Chapter 7 case. Although styled as an objection to the amendment of the schedule of unsecured, non-priority claims, BUCBA's true objection is to Debtor's attempt to discharge the debt without affording BUCBA the opportunity to file a proof of claim.

Debtor filed his Chapter 13 petition on February 10, 2005. The bar date for governmental creditors to file proofs of claim was set for August 9, 2005. BUCBA, however, was not included in Debtor's schedules as a creditor nor was it listed as a creditor on the mailing matrix. Therefore, BUCBA had no notice of the filing of the bankruptcy case until Debtor filed an

1

amendment to Schedule "F" on August 19, 2005, after the expiration of the bar date. The parties have filed briefs on this matter, and it is ready for decision.[1]

## Discussion

This Court's decision in *In re McNeely,* 309 B.R. 711 (Bankr. M.D. Pa. 2004) governs the resolution of the instant case. In *McNeely*, the debtor attempted to file a proof of claim for BUCBA after the bar date had passed. BUCBA's claim had not been listed in the schedules, nor was the agency otherwise notified of the bankruptcy filing. BUCBA filed a claim after the bar date, but the Chapter 13 trustee objected asserting that the untimely claim must be disallowed. I sustained the trustee's objection because a bankruptcy court has no authority under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to grant a creditor leave to file a late claim when the creditor has not filed a timely motion to extend the deadline. *Id.* at 714. But I also held that a debtor cannot discharge a debt to a claimant who has not received notice of the bankruptcy case in time to protect its claim. *Id.* A creditor who is not listed in the schedules or on the matrix, who receives no notice of the filing of the bankruptcy, and who is not referenced in the plan, either generally or specifically, has not been "provided for" in the plan as required by 11 U.S.C. § 1328(a). *In re Wright*, 300 B.R. at 468; *In re Brogden*, 274 B.R. at 294; *In re Crites*, 201 B.R. 277, 278-81 (Bankr. D. Or. 1996); *In re Tipton,* 118 B.R. 12, 13-14 (Bankr. D. Conn. 1990); *Matter of Pack*, 105 B.R. 703, 705-706 (Bankr. M.D. Fla. 1989).

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A)(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is applicable to contested matters pursuant to FRBP 9014.

Similar reasoning applies in the instant case. Because BUCBA did not have timely notice of the bankruptcy, it was unable to file a timely proof of claim. Because the agency was unable to file a timely proof of claim, it's claim could not be provided for in the Chapter 13 plan. Because BUCBA's claim was not provided for in the chapter 13 plan, Debtor's "scheduling" of the debt does not affect the dischargeability of the claim. Therefore, since the claim cannot be discharged, there is no point in allowing Debtor to amend Schedule "F" to include the claim.

Accordingly, an order will be entered sustaining BUCBA's objection to the amendment.

BY THE COURT,

_____
Bankruptcy Judge

Date:   January 26, 2006

*This electronic opinion is signed and filed on the same date.*

3

Case 1:05-bk-00716-MDF   Doc 45   Filed 01/26/06   Entered 01/27/06 10:23:22   Desc
Main Document      Page 3 of 3